IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NES SARMIENTO TIBURCIO, ET AL., | ) ) ) | CIVIL 15-00039 LEK-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| REO PROPERTIES CORPORATION, A DELAWARE CORPORATION, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER REGARDING DEFENDANTS' MOTIONS**
**TO DISMISS AND JOINDERS THERETO**

Before the Court are: (1) Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc.'s ("MERS," collectively "Ocwen Defendants") Motion to Dismiss [Dkt. # 1] Verified Complaint for Damages and Declaratory and Injunctive Relief, Filed February 12, 2015 ("Ocwen Motion"), filed March 16, 2015;[1] (2) Defendant Clay Chapman Iwamura Pulice & Nervell's ("Clay Chapman") Motion to Dismiss and/or for Summary Judgment ("Clay Chapman Motion"), filed March 16, 2015; (3) Defendant the Honorable Bert I. Ayabe's ("Judge Ayabe") Motion to Dismiss with Prejudice Verified Complaint for Damages and Declaratory and Injunctive Relief ("Judge Ayabe Motion"), filed March 17, 2015; (4) Defendant

---

[1] MERS represents that it has not been served with the complaint in this case, and enters a special appearance to join in the Ocwen Motion. [Mem. in Supp. of Ocwen Motion at 1 n.1.]

Prudential Advantage Realty's ("Prudential") Motion to Dismiss with Prejudice Plaintiffs' Verified Complaint for Damages and Declaratory and Injunctive Relief ("Prudential Motion"), filed March 18, 2015; (5) Defendants Sandra Whang ("Whang") and Thomas Cayetano's ("Cayetano") substantive joinder in the Clay Chapman Motion ("Whang-Cayetano Joinder"), on March 23, 2015; (6) Defendant Island Realtors, LLC's ("Island Realtors") Motion to Dismiss Plaintiffs' Verified Complaint, Filed February 12, 2015 ("Island Realtors Motion"), filed April 2, 2015; and Defendant Hawaii Self Storage's ("Self Storage") joinder in the Clay Chapman Motion ("Self Storage Joinder," all collectively "Motions"), on April 2, 2015. [Dkt. nos. 15, 19, 20, 21, 26, 31, 32.] Pro se Plaintiffs Nes Sarmiento Tiburcio, Yolie C. Tiburcio, Neslie Joy Tiburcio-Ancheta, Mark Ancheta, and Hazel Tiburcio, all on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), filed their memorandum in opposition to the Judge Ayabe Motion on May 12, 2015.[2] [Dkt. no. 54.] Prudential filed its reply on May 1, 2015

---

[2] Plaintiffs did not file memoranda in opposition to the other four motions currently pending, and their single memorandum was filed more than two weeks late. Apparently to excuse the tardiness of their filing and failure to file other memoranda, Plaintiffs state that not all of them are currently residing at the address of record, and thus they are not all receiving mail there. [Mem. in Opp. at 2.] The Court understands that this may be a challenging time for Plaintiffs, but reminds them that they are responsible for meeting all court deadlines, just as other litigants before this Court. The Court cautions Plaintiffs, that
(continued...)

("Prudential Reply"), and the Ocwen Defendants filed their reply on May 4, 2015 ("Ocwen Reply").[3]  [Dkt. nos. 46, 48.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motions, supporting and opposing memoranda, and the relevant legal authority, the Court rules on the Motions as follows:  the Judge Ayabe Motion and the Island Realtors Motion are HEREBY GRANTED; the Whang-Cayetano Joinder is HEREBY GRANTED IN PART; the Ocwen Motion, Clay Chapman Motion, and Prudential Motion are HEREBY GRANTED IN PART AND DENIED IN PART; and the Self Storage Joinder is DENIED.

## BACKGROUND

On February 12, 2015, Plaintiffs filed their seventy-two page Verified Complaint for Damages and Declaratory and Injunctive Relief ("Complaint"), asserting twenty-two counts against more than twenty defendants.[4]  [Dkt. no. 1.]  Plaintiffs

---

[2](...continued)
while it will consider their memorandum in this instance, it may not in the future if Plaintiffs miss additional filing deadlines.

[3] Additionally, the Ocwen Defendants filed a statement of no opposition to the other defendants' motions, on April 27, 2015. [Dkt. no. 44.]

[4] Although on the caption Plaintiffs include thirty-two claims, in the body of the Complaint they only bring twenty-two
(continued...)

3

allege that, on or about March 1, 2006, they acquired a home in Honolulu ("Property"), "via mortgagor, Faustino Luis Castillo and Joselyn Giron Vaquila." [Complaint at ¶ 61.] On August 19, 2008, MERS, as nominee of Fremont Investment and Loan ("Fremont") initiated an action to foreclose on the mortgage securing the Property ("Mortgage") in Hawai`i state court ("State Case"). [Id. at ¶ 64.] On September 23, 2009, Judge Ayabe entered summary judgment in favor of MERS ("Foreclosure") and, on September 19, 2012, he issued a writ of ejectment ("Writ").[5] [Id. at ¶¶ 65, 70.] On September 7, 2014, Defendants Cayetano and Whang executed the Writ ("Lock-Out").[6] [Id. at ¶ 69.]

Boiled down to its essentials, Plaintiffs' Complaint challenges: (1) the State Case, including Judge Ayabe's rulings, the Foreclosure, the Writ, and the ejectment process; (2) the

---

[4](...continued)
claims. [Complaint at pgs. 1-5.]

[5] The Complaint does not clearly allege facts related to the sale of the Property, but based on allegations and statements in the Complaint, it appears that the Property was sold. See, e.g., Complaint at pg. 69 (requesting, in prayer for relief, to "vacate and set aside the foreclosure sale").

[6] Although this goes to the merits of Plaintiffs' arguments related to the validity of the Writs – which this Order does not address for reasons set forth below – Defendants argue and present evidence that the Lock-Out was delayed because some of the defendants in the state case (Plaintiffs here) entered bankruptcy and filed numerous motions to stay the ejectment subsequent to the issuance of the Writ. See, e.g., Clay Chapman's Separate Concise Statement of Facts ("Clay Chapman CSOF"), filed 3/16/15 (dkt. no. 19-2), Decl. of Counsel, at ¶ 6; id., Exh. B (State Case docket).

4

mortgagees', servicers', and banks' acts related to the Mortgage, and mortgage industry practices in general; and (3) Cayetano and Whang and their team's conduct during the Lock-Out.[7] The Complaint includes numerous state claims, such as negligence, fraud, breach of contract, and quiet title. It also includes federal claims, specifically for: unfair methods of competition against the "Foreclosing Defendants," pursuant to 15 U.S.C. § 45 ("Count XIII");[8] conspiracy to violate rights against Ayabe, Cayetano, and Whang, pursuant to 18 U.S.C. § 241 ("Count XXI"); and deprivation of civil rights against Ayabe, Cayetano, and Whang, pursuant to 42 U.S.C. § 1983 ("Count XXII"). Plaintiffs seek the following relief: a declaratory judgment that the Foreclosure was wrongful; cancellation of the deed of sale; quiet title in favor of Plaintiffs; compensatory, general, special, treble, and punitive damages; attorneys' fees and costs; and all other just relief. [Id. at pgs. 69-70.]

---

[7] Whang, who was incorrectly named in the Complaint as Sandra Pile-Whang, see Whang-Cayetano Joinder at 3, is a process server, and Cayetano is an officer employed by the Honolulu Police Department. See Complaint at ¶¶ 47-48.

[8] Plaintiffs do not specify who are the "Foreclosing Defendants." The Court interprets that group to include the mortgagees, servicers, and banks and their attorneys, such as Ocwen, MERS, and Clay Chapman.

**DISCUSSION**

**I.   State Case Claims**

All of the Motions argue that the Rooker-Feldman doctrine bars this lawsuit. The Court agrees that some, but far from all, of Plaintiffs' claims are barred by the doctrine, because those claims attempt to have this Court review the State Case and Judge Ayabe's decisions therein. It is impermissible for this Court to sit in judgment over a state court case.

"The Rooker-Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (some citations omitted) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

There are a couple of exceptions to this doctrine. First, the doctrine does not apply to "general constitutional challenges" where the plaintiffs argue that their constitutional

6

rights were violated in ways that would not require the federal court to review the state court's decision. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). However, if the constitutional claims are "inextricably intertwined" with the state court decision, Rooker-Feldman bars jurisdiction. Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005). Second, claims for fraud, wherein the plaintiffs argue that the fraudulent conduct was "extrinsic" to the state case and kept them from presenting their claims to the state court, are not barred by Rooker-Feldman. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004).

In this case, Plaintiffs claim that: Judge Ayabe reached erroneous decisions regarding the Foreclosure and issuance of the Writ; the sheriff and process server waited too long to evict Plaintiffs; and the realtors should not have attempted to sell the Property after the Foreclosure. All of these allegations go to the merits of the State Case and, therefore, are barred by Rooker-Feldman. See, e.g., Henrichs, 474 F.3d at 613.

To the extent that Plaintiffs argue that the Rooker-Feldman doctrine does not bar their claims because they sound in fraud against Judge Ayabe, this Court rejects that argument. [Mem. in Opp. at 4-5.] Plaintiffs simply argue that Judge

7

Ayabe's decisions were based on "winner's chicanery," [id. at 4,] and then proceed to explain that the execution of the Writ was untimely. These arguments are inextricably intertwined with the merits of the State Case, and the purported fraud is not extrinsic to what was before the state court. See Manufactured Home, 420 F.3d at 1030; Kougasian, 359 F.3d at 1141. Thus, neither of the exceptions apply.[9]

The Court CONCLUDES that Plaintiffs' claims related to the State Case, including those against Judge Ayabe, Whang, Cayetano, Prudential, and Island Realtors, are barred by the Rooker-Feldman doctrine.[10] The Court thus GRANTS the Judge Ayabe Motion, Prudential Motion, Island Realtors Motion, and Whang-Cayetano Motion insofar as the allegations against those Defendants are barred by Rooker-Feldman.[11] Accordingly, it

---

[9] If Plaintiffs want to challenge the state court decisions, the proper procedure is to appeal in state court. This Court offers no opinion on whether an appeal would be timely at this point.

[10] The only allegation against Prudential and Island Realtors is that they advertised the sale of the house. See Complaint at ¶ 168, Exh. XI. Insofar as these allegations turn on whether the Foreclosure was proper, they relate to the State Case and are barred. Even if they were not jurisdictionally barred, the Court questions whether they would be sufficient to state a claim against these defendants.

[11] The Court denies the Ocwen Motion and the Clay Chapman Motion insofar as the allegations against Ocwen, MERS, and Clay Chapman do not go to the merits of the State Case, see infra Section II, and thus are not barred by the Rooker-Feldman doctrine. Since Self Storage does not provide any argument as to
(continued...)

DISMISSES the claims that go to the merits of the State Case. While the allegations in the claims are quite vague, the Court finds that the following counts seek review of the State Case: negligence ("Count II"); and conspiracy of rights, pursuant to 18 U.S.C. § 241 ("Count XXI"). The Court, therefore, DISMISSES Counts II and XXI.

The dismissal of these claims is WITH PREJUDICE since it would be impossible for Plaintiffs to successfully amend them. See, e.g., Heilman v. Sanchez, 583 F. App'x 837, 839-40 (9th Cir. 2014) (holding that "the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment" (citing Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007))).

To the extent that Prudential seeks sanctions, the motion is DENIED. While the claims may ultimately be found frivolous, Prudential has made an insufficient showing at this time. If it so chooses, it may bring a separate motion showing

---

[11](...continued)
why the allegations against it are barred by Rooker-Feldman, or how any of the other arguments in the Clay Chapman Motion apply to it, the Court denies its joinder.

Although the Whang-Cayetano Joinder relies on the Clay Chapman Motion and its Rooker-Feldman argument (which this Court here denies), based on its memorandum in support of joinder, it is clear that Rooker-Feldman applies to some of the allegations against Whang and Cayetano. Accordingly, the Court grants in part the Whang-Cayetano Joinder. See *infra* Section III (regarding allegations not covered).

its entitlement to the requested fees.

**II. Mortgage Practice Claims**

The vast majority of the Complaint consists of allegations related to the mortgage industry, much of which has nothing to do with the Property or Mortgage at issue in this case. As written, it is impossible for the Court to determine: what exactly the defendants allegedly did wrong related to the Mortgage; which defendants were involved; and which laws those defendants purportedly violated. The Court thus agrees with the Ocwen Defendants that the Complaint fails to state a basis for this Court's jurisdiction. Related, even if this Court has jurisdiction, Plaintiffs have failed to state claims sufficient to put the Defendants (and this Court) on notice of what Defendants purportedly did wrong to Plaintiffs.

In other words, Plaintiffs must do two things. First, they must provide a basis for this Court's jurisdiction. See, e.g., Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) ("the party asserting subject matter jurisdiction has the burden of proving its existence" (citation and internal quotation marks omitted)). They may do this by challenging the conduct of the defendants under the United States Constitution or a federal statute, see 28 U.S.C. § 1331, or by showing that there is diversity among the parties, see 28 U.S.C. § 1332. Diversity means that each Plaintiff is a citizen of a different state from

each defendant.  See, e.g., Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  For diversity purposes, the Complaint must allege the citizenship of each party.

Second, for each claim, Plaintiffs must explain how each Defendant wronged them, with enough detail to let the Defendant know the conduct being challenged and to inform the Court how Plaintiffs are entitled to relief.  Neither stating the elements of the law, nor making general statements about Defendants' bad behavior will be sufficient for this Court to hear the claim.  The law is that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In this case, Plaintiffs only allege the citizenship of one Defendant, Reo Properties Corporation, and do not provide their own citizenship, though presumably it is Hawai`i since the basis of the lawsuit is the Foreclosure of their family home.  This is insufficient to invoke this Court's diversity jurisdiction.  Thus, Plaintiffs must show that they bring their claims under federal law.

However, all but one of the claims related to mortgage practices appear to challenge Defendants' conduct under state law: negligence ("Count I"); two fraud claims ("Counts III and IV"); cancellation of voidable contract ("Count V"); contract

claim to set aside trustee's sale ("Count VI"); contract claim to void trustee's deed ("Count VII"); contract claim to void assignment of deed ("Count VIII"); wrongful foreclosure ("Count IX"); breach of contract ("Count X"); breach of implied covenant of good faith and fair dealing ("Count XI"); unjust enrichment ("Count XII"); quiet title ("Count XIV"); slander of title ("Count XV"); conversion ("Count XVI"); impermissible loan modification ("Count XVII"); violation of Hawai`i Bueau of Conveyance regulations ("Count XVIII"); mistake ("Count XIX"); and unfair or deceptive practices, pursuant to Haw. Rev. Stat. Chapter 480 ("Count XX"). None of these claims alone provide a basis for this Court's jurisdiction.[12] Plaintiffs bring one claim – for deceptive business practices – pursuant to both Haw. Rev. Stat. Chapter 480 and 15 U.S.C. § 45 ("Count XIII"). To the extent that Count XIII is brought under federal law, this Court has jurisdiction over it. Since Plaintiffs do not provide sufficient allegations to show that this Court has jurisdiction, the Court DISMISSES Counts I, III, IV, V, VI, VII, VIII, IX, X,

---

[12] In theory, this Court could find that it has supplemental jurisdiction over the state law claims if the allegations in them "form part of the same case or controversy" with Plaintiffs' federal law claim. See 28 U.S.C. § 1367. That means Plaintiffs would have to allege enough detail in their state law claims and federal law claim that this Court could determine whether the claims, in essence, arose from the same set of facts such that the Court should consider the state law claims as well. However, neither claims currently provide sufficient detail to make such a determination as explained immediately below.

XI, XII, XIV, XV, XVI, XVII, XVIII, XIX, and XX.

As to the state law claims, even if there was diversity, the Court questions whether there are factual allegations sufficient to state plausible claims against the Defendants. See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and quotation marks omitted)). The same is true as to Count XIII. The Court thus DISMISSES Count XIII for failure to state a claim. See Fed. R. Civ. P 12(b)(6).

The Court notes, however, that it must interpret the Complaint liberally since Plaintiffs are not represented by counsel. For this reason, the dismissal of the claims in this Section is WITHOUT PREJUDICE. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)).

Conceivably, Plaintiffs could possibly amend their claims to state a claim against Defendants, including the Ocwen Defendants and Clay Chapman, over which this Court would have jurisdiction. But to do so, Plaintiffs must allege enough facts to clearly show what they are claiming, and must do more than simply allege that their federal rights were violated. See,

13

e.g., Iqbal, 556 U.S. at 678. On the other hand, although the Court acknowledges that legalese can appear impenetrable, and pro se individuals may attempt to emulate this, in many cases, such as this one, the better practice is to keep the claims short, clear, and focused.

The Court thus GRANTS the Ocwen Motion and the Clay Chapman Motion insofar as it dismisses the Counts against them, but DENIES the motions insofar as the dismissal is WITHOUT PREJUDICE.[13] Moreover, for the same reasons as with the Prudential Motion, the Court DENIES the Clay Chapman Motion insofar as it seeks sanctions. If it so chooses, Clay Chapman may bring a separate motion showing its entitlement to the requested fees at the appropriate time.

**III. Civil Rights Claim**

Finally, Plaintiffs allege that Whang and Cayetano's conduct during the Lock-Out violated their federal rights. They allege that, at approximately 7:30 a.m. on Sunday, September 7, 2014, "the Plaintiffs' minor-aged daughter woke up to the face of a Deputy Sheriff Lt. Thomas Cayetano, parting the curtains in her bedroom window, leering at her partially-clothed, sleeping on her

---

[13] The Court does note that, if Plaintiffs are simply challenging the assignment of the Mortgage to MERS, they likely do not have standing to bring that claim, unless they can also allege that the assignor did not exist at the time of assignment. See Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1012-13 (D. Hawai`i 2013).

14

bed and ordering her to, 'Open the door.'" [Complaint at ¶ 69.] Further, they allege that the eviction may have caused labor complications for a pregnant member of the household,[14] and that Plaintiff Yolie Tiburcio, who apparently was away from the Property at the time, was told that "if she returns to the property she would be arrested." [Id. at ¶ 72.] Moreover, it appears that Cayetano and Whang placed two toddler-aged household members in the care of an "unidentified woman" who Plaintiffs feared was employed by Child Protective Services and planned to take the children away. [Id. at ¶ 79.]

Plaintiffs bring Count XXII, alleging deprivation of civil rights, pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In Count XXII, Plaintiffs quote this language. The sole other allegation in that Count is that, "Defendants, Circuit Court Judge Bert I. Ayabe, Sheriff Deputy Thomas Cayetano, and Sandra R.S. Pile-Whang, described acts, unlawful conducts and

---

[14] It is not clear from the Complaint who exactly the pregnant household member was or whether she is one of the Plaintiffs in this case.

practices involved material representations, omissions or practices, Plaintiffs have been damaged, and continues to be damaged, in an amount yet to be determined at trial." [Complaint at ¶ 303.]

The basis for this claim is not entirely clear. To the extent that Count XXII challenges the issuance and execution of the Writ, it is barred by the Rooker-Feldman doctrine. However, insofar as it relates to Paragraphs 69, 72, and 79, it could theoretically state a claim for a constitutional violation for the manner in which Whang and Cayetano and their team executed the Writ.[15] This theory, however, does not relate to Judge Ayabe, and thus the Court DISMISSES WITH PREJUDICE Count XXII as to him.[16]

---

[15] Count XXI is also a civil rights claim against Judge Ayabe, Whang and Cayetano. However, the allegations in that claim clearly relate to the efficacy of the Writ and thus are barred by the Rooker-Feldman doctrine. See supra Section I.

[16] Further, as to Judge Ayabe, all of the claims against him relate to decisions he made in his capacity as state court judge, and thus are also barred by absolute judicial immunity. "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'" Ramirez v. Pasternak, 408 F. App'x 55, 55-56 (9th Cir. 2011) (some citations and internal quotation marks omitted) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). Plaintiffs do not challenge, nor can they, Judge Ayabe's jurisdiction over the State Case. He had jurisdiction pursuant to state law. See Haw. Rev. Stat. § 603-21.7(a)(3) (giving jurisdiction to state circuit courts for, among other things, "foreclosure of mortgages").

Although Whang and Cayetano have filed a joinder in the Clay Chapman Motion, the Court does not construe that motion to address Count XXII, insofar as that claim may extend beyond issues handled in the State Case.[17] See Whang-Cayetano Joinder (seeking to join Clay Chapman Motion without mentioning the Judge Ayabe Motion).[18] Since Whang and Cayetano have not moved the Court to dismiss this claim against them, the Court does not consider any additional arguments against Count XXII allegations not barred by the Rooker-Feldman doctrine.

## CONCLUSION

On the basis of the foregoing, the Ocwen Motion, filed March 16, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion insofar as it DISMISSES all claims against the Ocwen Defendants for lack of jurisdiction and failure to state a claim. It DENIES the motion insofar as the dismissal is WITHOUT PREJUDICE.

The Clay Chapman Motion, filed March 16, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. The Court GRANTS the motion insofar as it DISMISSES all claims against Clay Chapman

---

[17] Even though the Court did not rely on it in reaching its ruling, the Clay Chapman Motion argued that the Rooker-Feldman doctrine applied, so the Court considered it as to Whang and Cayetano.

[18] The Judge Ayabe Motion addressed the federal claims and moved to dismiss pursuant to the Eleventh Amendment, see Mem. in Supp. of Judge Ayabe Motion at 6-8, which may apply to Whang and Cayetano.

for lack of jurisdiction and failure to state a claim.  It DENIES the motion insofar as the dismissal is WITHOUT PREJUDICE and Clay Chapman seeks sanctions.

The Whang-Cayetano Joinder, filed March 23, 2015, is HEREBY GRANTED IN PART.  The Court DISMISSES all claims against Whang and Cayetano related to the State Case, which are barred by the Rooker-Feldman doctrine.  It does not, however, address the entirety of Count XXII against Whang and Cayetano.

The Self Storage Joinder is HEREBY DENIED.  The basis for the motion is unclear and so the Court cannot determine whether Rooker-Feldman applies to the claims against Self Storage.

The Judge Ayabe Motion is HEREBY GRANTED in its entirety.  The Court DISMISSES WITH PREJUDICE all claims against Judge Ayabe, based on the Rooker-Feldman doctrine and absolute judicial immunity.

The Prudential Motion is HEREBY GRANTED IN PART AND DENIED IN PART.  The Court GRANTS the motion insofar as it DISMISSES WITH PREJUDICE all claims against Prudential as barred by the Rooker-Feldman doctrine.  It DENIES the motion insofar as Prudential seeks sanctions.

The Island Realtors Motion is HEREBY GRANTED.  The Court DISMISSES WITH PREJUDICE all claims against Island Realtors as barred by the Rooker-Feldman doctrine.

The Court thus DISMISSES WITH PREJUDICE Counts II and XXI in their entirety, and Count XXII, to the extent that it is covered by the State Case. The Court DISMISSES WITHOUT PREJUDICE Counts I, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, and XX. The Court does not rule on Count XXII as to Whang and Cayetano, insofar as that claim may not be entirely covered by the State Case. That part of Count XXII is the only claim remaining in the Complaint. The Court Directs the Clerk's Office to terminate Judge Ayabe, Prudential, and Island Realtors as parties.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 29, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NES SARMIENTO TIBURCIO, ET AL. VS. REO PROPERTIES CORPORATION, ET AL.; CIVIL 15-00039 LEK-KSC; ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND JOINDERS THERETO**